## ACTION BY CHILD FOR SERVICES AFTER BECOMING OF AGE.

Circuit Court of Cuyahoga County.

Dr. H. L. Ambler et al v. Josephine Chapman.

Decided, December 22, 1905.

*Domestic Relations—No Recovery can be had From One in Loco Parentis for Services Performed by Child After Becoming of Full Age.*

Where a child from an orphanage is taken into a home upon an agreement that she is to receive a good common school education, be cared for, and treated as a daughter:  If, after she becomes of full age, she continues to reside in the family and perform the same household duties as before, without any agreement as to compensation, it will be presumed that it was a continuance of the earlier relationship and she can not recover for the value of such services.

*McMillan & Ingersoll,* for plaintiffs in error.
*Green & Green,* contra.

Marvin, J.; Winch, J., and Henry, J., concur.

Josephine Chapman brought her suit in the court of common pleas against H. L. Ambler, and his wife, designated in the

petition as Mrs. H. L. Ambler, to recover for services as house-maid for the defendants from the 1st day of March, 1890, until the 1st day of March, 1899.  No rate. per week, per month, or per annum is stated in the petition, but the aggregate sum claimed is $2,064, with interest from the 1st day of March, 1899.  The petition avers that this work was done at the special instance and request of Dr. and Mrs. Ambler, and that the services were reasonably worth the amount claimed.

The answer denies the allegations of the petition and also pleads the statute of limitations as to all of said claim arising prior to the 25th of February, 1898.  This suit was begun on the 25th day of February, 1904.

On the trial the facts shown were that Miss Chapman entered the Ambler family on the 16th day of February, 1885, under a written agreement then entered into or attempted to be entered into by Mrs. Ambler with an organization designated as "Baldwin Place Home for Little Wanderers," located in the city of Boston in the state of Massachusetts.  This contract reads as follows:

"AGREEMENT.

"STROFFORD, Feb. 16, 1885.

"The undersigned agree to receive into my family Josephine Chapman, born in Cambridge Mass., Dec. 29, 1874, to be treated in all respects as a daughter; is to receive a *good common school education, to attend church and Sunday School and to be cared for in sickness and in health.*  I will not dispose of the child in any way without the *consent of the officers* of the BALDWIN PLACE HOME FOR LITTLE WANDERERS, located in the city of Boston, state of Massachusetts.  If I do not wish to retain the child, I promise to return the same to the above-named institution, within three months from this date, at my own expense.  Should circumstances arise which should make my home unsuited to the wants of the child, or on proof being brought forward that the child was not properly treated or cared for, I will surrender the child to the officers of the home on their requisition.

"In consideration that I can have the full and entire control of the above named child until of age, I cheerfully subscribe to the above conditions.

"MRS. H. L. AMBLER.

"Witness:  MISS ANNA MORRISON."

At the time this contract was entered into the Amblers resided in the state of New Hampshire. When this contract was entered into Josephine was about 10 years and 2 months old. She became of full age on the 29th day of December, 1892. From the time she went to live with the Amblers, as above stated, she continued to live with them until about the 1st of March, 1899, a period of about seven years. She was supported by the family during all of that time, being furnished with food and clothing and home. No claim was made on the trial that recovery could be had for the time prior to six years before the beginning of the action.

It will be noticed that under the contract Mrs. Ambler undertook to treat this girl as a member of her family; that she would give her a good common school education, have her attend church and Sunday School and be cared for in sickness and in health, and that she would treat her as a daughter.

The result of the trial was a verdict and judgment in favor of the plaintiff below in the sum of $275.60. Motion for new trial was made and overruled, and by proper proceedings the case is here on error. A bill of exceptions is filed showing all the proceedings in the court of common pleas.

The defendants below urge that the plaintiff was not entitled to recover for services rendered by her after becoming of full age unless there was an express contract between the parties that she should receive such wages. It was urged that the Amblers stood *in loco parentis* to this girl and that the well established rule that where a child after becoming of full age remains with the parents or with those standing *in loco parentis* and continues to live there with them in the same manner as such child lived with them while a minor, no recovery can be had for services on the one hand or for support on the other without an express contract to that effect.

On the part of the plaintiff below it was urged that the evidence clearly showed that this girl had never been treated as a member of the defendant's family in any such sense as their natural born children were treated; that, in short, she occupied the position of a menial servant during all the time she resided with the Amblers, and much testimony was introduced tending

to show that the Amblers did not treat her as they treated their own children. In our view of the case, however, it was not incumbent upon them to show as a defense that they stood *in loco parentis*. She was not in the family of the Amblers as an adopted child under any statutory adoption or under any such contract as would constitute an adoption. The contract or writing designated an ''agreement'' was more in the nature of a contract apprenticeship. It did not have all the requisites of a contract of apprenticeship as provided in our statutes, Section 3118, Revised Statutes, and following, but it was an agreement to take a minor into the family of Mrs. Ambler and take care of her and treat her as a daughter until she should become of full age. The child was probably never bound by this contract at all, certainly she was not bound by it after the family removed from the state in which they were living at the time it was entered into, which they did some three years after the date of the contract, but she did remain with them; she rendered certain service to them and they furnished certain remuneration to her in the way of food, home, clothing and some small sums of money. After she became of full age she remained with them, receiving exactly such treatment and such compensation apparently from the evidence as she received before. This she need not have done, and apparently she knew that she was under no obligation to continue with them, for she says in her own testimony that Mrs. Ambler told her she was not a hired girl. She says that Mrs. Ambler told her to say to other girls, if they asked her what compensation she was receiving, that she received $4 per week; that she said this a good many times. She says that Mrs. Ambler told her that she was putting money in the bank for her, but that she made no promise as to any amount that she was putting in the bank, nor did she make any promise as to any wages that she would pay her. We think the case is one of a person who has been employed to render services for a certain compensation continuing in the employment after the expiration of the time originally agreed upon without any new arrangement as to compensation, and that, therefore, as she continued to live with the family as she had before lived with them and received the same kind of treatment and the same

kind of support that she received while she was a minor, she must be held to have assented to that arrangement and consented while she remained to remain on the terms under which she lived with the family, prior to her arriving at full age. Her testimony shows that her treatment after arriving at majority was just what it was before; that her support, clothing and the like were substantially as before; that she talked with Mrs. Ambler about the matter of compensation but she made no demand for any change nor did Mrs. Ambler promise any change. She saw fit, knowing her rights as she must have presumed to have known them, and indeed her evidence shows that she did know them, to remain with her former employers, receiving what she had before received. By this she must be bound, and it was error on the part of the court not to overrule the motion for a new trial, on the ground that the verdict was not supported by the evidence, and for that reason the judgment is reversed.